UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KEVIN KOELZER, | Case No. 19-cv-00618 |
| Plaintiff, | HON. PAUL L. MALONEY |
| v. | |
| GRAND RAPIDS POLICE OFFICERS, EVAN SAXE, MICHAEL REED, COLE HOYER, and DEREK HALL, in their individual capacities, Jointly and Severally, | **BRIEF IN SUPPORT OF DEFENDANTS REED, SAXE, HOYER, AND HALL'S MOTION FOR RECONSIDERATION OF THE OPINION AND ORDER [ECF 131]** |
| Defendants. | |

_____

| | |
|---|---|
| Kevin Koelzer<br>Plaintiff - In Pro Per<br>2305 Deer Trail Drive, NE<br>Grand Rapids, MI 49505<br>(616) 361-7319<br>koelzerkevin@gmail.com<br>kevin@kaypharmacy.com | Allan C. Vander Laan (P33893)<br>Kristen L. Rewa (P73043)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants Grand Rapids Police Officers Saxe, Reed, Hoyer, and Hall<br>2851 Charlevoix Dr., S.E. - Suite 203<br>Grand Rapids MI  49546<br>616-975-7470<br>avanderlaan@cmda-law.com<br>krewa@cmda-law.com |

_____

**BRIEF IN SUPPORT OF DEFENDANTS REED, SAXE, HOYER, AND HALL'S MOTION FOR RECONSIDERATION OF THE OPINION AND ORDER [ECF 131]**

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................... ii

**INDEX OF AUTHORITIES** ........................................................................................ iii

**STANDARD OF REVIEW** ........................................................................................... 1

**LAW AND ARGUMENT** ............................................................................................. 2

    **I.**    **False Arrest Claim** ............................................................................... 2

    **II.**    **Excessive Force** ................................................................................. 10

**CONCLUSION AND RELIEF REQUESTED** ......................................................... 11

**CERTIFICATE OF COMPLIANCE REGARDING WORD COUNT** ............................... 12

# INDEX OF AUTHORITIES

**Cases**

***American Canoe Ass'n v. Murphy Farms, Inc.*,**
  326 F.3d 505 (4th Cir.2003) ................................................................................... 2

***Barrera v. City of Mount Pleasant*,**
  12 F.4th 617 (6th Cir. 2021) (discussed infra) .................................................. 8, 9, 10

***Braswell v. McCamman*,**
  256 F. Supp. 3d 719  (W.D. Mich. 2017) ................................................................ 8

***Crehan v. Davis*,**
  713 F. Supp. 2d 688 (W.D. Mich. 2010) ................................................................. 9

***District of Columbia v. Wesby*,**
  ––– U.S. ––––, 138 S. Ct. 577, 199 L.Ed.2d 453 (2018) ......................................... 10

***GenCorp, Inc. v. American Int'l Underwriters*,**
  178 F.3d 804 (6th Cir.1999) ................................................................................... 1

***Graham v. Connor*,**
  490 U.S. 386 (1989) ............................................................................................. 11

***Hall v. Shipley*,**
  932 F.2d 1147 (6th Cir. 1991) ................................................................................ 9

***Huff v. Metropolitan Life Ins. Co.*,**
  678 F.2d 119 (6th Cir.1982) ................................................................................... 1

***Jones v. Gobbs*,**
  21 F. App'x 322 (6th Cir. 2001) .............................................................................. 1

***Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,**
  460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) .................................................. 2

***People v. Agar*,**
  314 Mich. App. 636, 887 N.W.2d 662, ***aff'd in part, vacated in part, rev'd in part on other grounds***, 500 Mich. 891, 886 N.W.2d 717 (2016) ....................................... 5, 8

***People v. Bridges*,**
  No. 356388, 2022 WL 2285627 (Mich. Ct. App. June 23, 2022) ........................... 4, 9

***People v. Corr*,**
  287 Mich.App. 499, 788 N.W.2d 860 (2010) ..................................................... 4, 5-7

*People v. Haller*,
  No. 350590, 2021 WL 1051259 (Mich. Ct. App. Mar. 18, 2021)(unpublished) ........... 7

*People v. Moreno,*
  491 Mich. 38; 814 N.W.2d 624 (2012) ................................................................ 4, 8

*People v. Morris*,
  314 Mich. App. 399, 886 N.W.2d 910 (2016) ............................................................ 5

*People v. Sanders*,
  No. 322712, 2015 WL 6955194 (Mich. Ct. App. Nov. 10, 2015) ............................ 5, 9

*People v. Quinn*,
  305 Mich. App. 484, 853 N.W.2d 383 (2014) ......................................................... 4, 5

*Prater v. Consol. Rail Corp.*,
  272 F. Supp. 2d 706 (N.D. Ohio 2003) ...................................................................... 1

*Stricker v. Twp. of Cambridge*,
  710 F.3d 350 (6th Cir.2013) ....................................................................................... 7

*Stryker Corp v. TIG Ins. Co.*,
  No. 1:05-CV-51, 2014 WL 198678 (W.D. Mich. Jan. 15, 2014), *aff'd sub nom.
  Stryker Corp. v. TIG Ins. Co.*, No. 1:05-CV-51, 2014 WL 1328151 (W.D. Mich. Apr. 1,
  2014) .......................................................................................................................... 2

*Wilkerson v. Warner*,
  545 F. App'x 413 (6th Cir. 2013) ................................................................................ 7

*U.S. v Healy*,
  376 W.S. 75 (1964) .................................................................................................... 1

*United States v. Mack*,
  831 F. App'x 787 (6th Cir. 2020) ................................................................................ 1


## Rules

Fed. R. Civ. P. 54(b) ........................................................................................................ 1

Fed.R.Civ.P.59(e) ........................................................................................................... 1

L.Civ.R.7.4(a) ................................................................................................................. 1

Mich.Ct.R. 7.215(C)(1) ................................................................................................... 9

**Statutes**

City Ordinance 9.135(1) .................................................................................................2-3

Mich.Comp.Laws § 750.81d............................................................................... 3, 4, 5, 7

## STATEMENT OF ISSUES PRESENTED

I. THIS COURT RULED A RESISTING OR OBSTRUCTING ARREST UNDER MICHIGAN LAW MUST BE ACCOMPANIED BY SOME UNDERLYING OFFENSE TO ESTABLISH THAT THE ARREST WAS INDEED LAWFUL. DID THE COURT COMMIT A PALPABLE ERROR OF LAW RESULTING IN MANIFEST INJUSTICE, CORRECTION OF WHICH WILL RESULT IN A DIFFERENT DISPOSITION OF THE CASE?

    Defendants say: "yes."

    Plaintiff says: "no."

## STANDARD OF REVIEW

Although not mentioned within the Federal Rules of Civil Procedure, the Supreme Court has authorized filing of motions for reconsideration. ***United States v. Mack***, 831 F. App'x 787 (6th Cir. 2020)(citing ***U.S. v Healy***, 376 W.S. 75, 78 (1964)). A motion is timely as long as it is filed within the time for filing a notice of appeal. ***Id.*** (and citations therein); see also Fed.R.Civ.P.59(e); ***Huff v. Metropolitan Life Ins. Co.,*** 678 F.2d 119, 122 (6th Cir.1982) ("The district court properly treated the motion to reconsider as a motion under Rule 59 to alter or amend judgment.") "The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." L.Civ.R.7.4(a). "Reconsideration is warranted if there has been: 1) a clear error of law; 2) an intervening change in the law; 3) newly discovered evidence; or 4) a showing of manifest injustice." ***Id.*** at 834. ***Jones v. Gobbs***, 21 F. App'x 322, 323 (6th Cir. 2001) (citing ***GenCorp, Inc. v. American Int'l Underwriters,*** 178 F.3d 804, 834 (6th Cir.1999)). "Manifest injustice" requires a showing that an order "was plainly wrong and resulted in substantial prejudice to the aggrieved party." ***Prater v. Consol. Rail Corp.***, 272 F. Supp. 2d 706, 710 (N.D. Ohio 2003).

Moreover, Fed. R. Civ. P. 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Accordingly, orders on partial summary judgment are not subject to the strict standards applicable to motions for reconsideration of a final judgment. See ***Stryker***

*Corp v. TIG Ins. Co.*, No. 1:05-CV-51, 2014 WL 198678, at *2 (W.D. Mich. Jan. 15, 2014), *aff'd sub nom. Stryker Corp. v. TIG Ins. Co.*, No. 1:05-CV-51, 2014 WL 1328151 (W.D. Mich. Apr. 1, 2014) (citing *American Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514–15 (4th Cir.2003))(discussing trial court's discretion to review non-final interlocutory rulings vis-à-vis law of the case doctrine). Because of Rule 54(b), "every order short of a final decree is subject to reopening at the discretion of the district judge." *Id.*, (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

## LAW AND ARGUMENT

### I.  False Arrest Claim

In denying the Defendant Officers' Motion for Summary Judgment on Plaintiff's false arrest claim, this Court held "a 'resisting or obstructing arrest' charge must be accompanied by some underlying offense to establish that the arrest was indeed lawful" **[PageID.2089]** and "a resisting arrest charge, on its own, is not valid without some underlying offense supporting the arrest in the first place." **[fn 4, PageID.2089-90]**.

It appears the Court's analysis of the legal requirements for a resist and obstruct arrest is premised on the phrase "resisting arrest". **[PageID.2088]**. Notably, the appearance ticket lists the charge, City Ordinance 9.135(1), as "Assault, Batter, Resist Police." **[ECF No.119-22, PageID.1960; see also ECF 119-7, PageID.1650-52 (state court sustaining prosecutor objection to charge being referred to as "resisting**

**arrest").]** The plain and unambiguous language of the ordinance controls this analysis. Grand Rapids City Ordinance Section 9.135 states, in relevant part,[1]

> "No person shall knowingly and willfully:
>
> (1) Assault, batter, resist or obstruct any police officer or other law enforcement officer in the performance of his or her duties as such.
>
> (2) Fail or refuse to obey a lawful order of any law enforcement officer that is issued in the performance of the officer's official duties provided that the officer is in uniform or otherwise identifies or offers to identify himself or herself as a law enforcement officer."

The ordinance language does not require an underlying arrestable offense. It requires the individual resist or obstruct an officer in the performance of his police officer duties, that is, any law enforcement duties, not simply the process of arrest. **[PageID.1652]**. No state appellate court opinions interpreting the ordinance were located.

Nor does the plain language of Mich.Comp.Laws § 750.81d require an underlying arrestable offense as a prerequisite to an arrest for R&O. Section 81d(1) provides, in relevant part:

> "Except as provided in subsections (2), (3), and (4), an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both."

The elements of resisting or obstructing a police officer under MCL 750.81d(1) are: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the

---

[1] City Code Chapter 152, Art. 1, Section 9.135 is available online at:
https://library.municode.com/mi/grand_rapids/codes/code_of_ordinances?nodeId=TIOLRE_CH152DICO_ART1INGE_S9.135OFAGGOOR

person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." **People v. Quinn**, 305 Mich. App. 484, 491, 853 N.W.2d 383, 388 (2014) (quoting **People v. Corr**, 287 Mich.App. 499, 503, 788 N.W.2d 860 (2010)). Additionally, the prosecution must establish that the officers acted lawfully as an actual element of the crime of resisting or obstructing a police officer under Mich.Comp.Laws § 750.81d. **People v. Moreno,** 491 Mich. 38; 814 N.W.2d 624 (2012).

The Court cites two unpublished Michigan Court of Appeals cases, which affirmed convictions under Michigan's flee and elude statute and resist and obstruct statute. However, neither case stands for the proposition that a resist and obstruct charge *requires* probable cause for violation of another criminal statute in all circumstances. In **People v. Bridges**, the court stated simply, "defendant did not have the right to resist or obstruct *the lawful actions* of the officers." **People v. Bridges**, No. 356388, 2022 WL 2285627, at *3 (Mich. Ct. App. June 23, 2022) (emphasis added)(citing **Moreno**, 491 Mich at 46-47). While probable cause for the flee and elude offense factored into the R&O analysis based on the facts of that case, the court's opinion found all of the officer's actions (not just the arrest) were lawful, including stopping the criminal defendant as subject of his investigation and asking for her identification (i.e. effecting a **Terry** stop). Notably, these actions (and Plaintiff's defiance) occurred *before* the witness approached the officer to provide the corroborating evidence needed to establish probable cause for the flee and elude arrest. **See Id**., at *1 ("*Observing defendant's defiance*, Koenigsmann approached and recounted the events that transpired 11 days prior.")(emphasis added).

Likewise, in *People v. Sanders*, No. 322712, 2015 WL 6955194, at *1 (Mich. Ct. App. Nov. 10, 2015), the Court of Appeals rejected the criminal defendant's *Moreno* argument, holding that officers acted lawfully *in attempting to effectuate a traffic stop*, which the criminal defendant disregarded. *Id.*, at *3 (emphasis added). Moreover, based on the facts of the case, the officer's use of force in compelling the stop through a PIT maneuver was lawful. "As the evidence establishes that *the troopers lawfully acted to attempt to stop defendant's vehicle*, defendant had no legal right to resist arrest," which included fleeing on foot from the police, once the vehicle was stopped. *Id.*, at *4.

In fact, <u>no opinion</u> issued by a Michigan appellate court has held that an underlying offense is a prerequisite to an R&O arrest. To the contrary, the Michigan Court of Appeals "has determined that 'the unambiguous language of [MCL 750.81d(1)] ... shows that the Legislature intended that the statute encompass *all the duties of a police officer* as long as the officer is acting in the performance of those duties.'" *People v. Morris*, 314 Mich. App. 399, 407–08, 886 N.W.2d 910, 916 (2016) (emphasis added) (quoting *People v. Corr,* 287 Mich.App. 499, 505, 788 N.W.2d 860 (2010)). In fact, there are several *post-Moreno* opinions—published and unpublished—that have reviewed R&O convictions stemming from the subject's resistance or obstruction of some other police activity short of an arrest:

- *People v. Morris*, 314 Mich. App. 399, 403, 886 N.W.2d 910, 913 (2016). There, the Court of Appeals upheld an R&O conviction of an individual that resisted and obstructed officers' attempts to handcuff him during a welfare check of a suicidal man with a gun. The court held: "MCL 750.81d is designed to protect persons in the identified occupations, MCL 750.81d(7)(b), who are *lawfully engaged in*

*conducting the duties of their occupations*, from physical interference or the threat of physical interference." *Id.*, at 505 (emphasis added). Further, the statute does not require that a criminal "defendant actually ran away from the officers or physically assaulted them. All that was necessary was to find that he was taking the requisite physical action to prevent a police officer from performing his lawful duties. Additionally, the duration of the resistance or the mental state of defendant at the time is of no import, as resistance can occur in even the briefest of moments, and the statute does not require that defendant be found to be free of any mitigating motivation." *Id.*, at 414-415 (emphasis added).

- *People v. Agar*, 314 Mich. App. 636, 650, 887 N.W.2d 662, 671, **aff'd in part, vacated in part, rev'd in part on other grounds**, 500 Mich. 891, 886 N.W.2d 717 (2016). There, the Michigan Court of Appeals upheld a conviction for resist and obstruct for an individual's interference with officer's attempt to execute search warrant and later attempt to resist the arrest for his obstruction of the search warrant.

- *People v. Quinn*, 305 Mich. App. 484, 493, 853 N.W.2d 383, 389 (2014), remanding for trial an R&O charge stemming from an individual's obstructing or opposing officer's attempt to conduct a *Terry* stop.

- *People v. Corr,* 287 Mich.App. 499, 505, 788 N.W.2d 860 (2010), a pre-*Moreno* case, held the statute encompassed interference with a police officer's non-investigatory efforts to maintain peace at the scene of a crash site and her

subsequent assaulting officers when they attempted to arrest her for resisting and obstructing their lawful orders.

- ***People v. Haller***, No. 350590, 2021 WL 1051259, at *5 (Mich. Ct. App. Mar. 18, 2021)(unpublished) (finding abundant evidence to support R&O conviction for failure to heed lawful commands; dismissal of domestic violence charges stemming from same incident had no impact on R&O analysis).

In short, the Court's analysis of the false arrest claim is based on a palpable error of law because it is contrary to the plain and unambiguous language of the ordinance as well as the broad interpretation and applications of the statute by Michigan courts.

Moreover, the Sixth Circuit has ruled in favor of officers on false arrest claims where officers had probable cause for a violation of § 81d regardless of whether probable cause for some other offense existed:

- ***Wilkerson v. Warner***, 545 F. App'x 413, 427 (6th Cir. 2013) (summary judgment for police officer on false arrest claim appropriate where he had reasonable suspicion and probable cause that doctor was interfering with/obstructing emergency medical services treatment of protestor and police officer's repeated commands to leave EMT alone).

- ***Stricker v. Twp. of Cambridge***, 710 F.3d 350, 363 (6th Cir.2013) (finding probable cause for plaintiffs' arrest under § 750.81d based on their failure to heed to officers' directives to permit entry into their home so they could secure the scene for EMS personnel or to have the ill individual leave the home so that medical treatment could be rendered).

Finally, this Court has ruled in favor of officers on false arrest claims where officers had probable cause for a violation of § 81d and no other offense:

- ***Braswell v. McCamman***, 256 F. Supp. 3d 719, 736 (W.D. Mich. 2017), this court found a Grand Rapids officer had probable cause to arrest an individual under § 81d for failure to obey an officer's lawful order to show his hands during the course of a lawful *Terry* stop.

Defendant Officers suffer manifest injustice by denying summary judgment on the false arrest claim due to the internal inconsistencies of rulings set forth in the opinion. "An individual does not have the right to resist or obstruct *lawful* actions of the police." ***Agar***, 887 N.W.2d at 672 (emphasis added)(citing ***Moreno***, 491 Mich. at 46–47). Here, the Court gave the prior state court ruling preclusive effect, holding "Officer Defendants acted within their lawful duty when handcuffing Plaintiff and also 'when they were trying to pat him down'" **[Opinion, ECF 131, PageID.2088 (citing state court opinion, ECF No.119-6, PageID.1566) (emphasis added)]**. Additionally, the "officers had reasonable suspicion to initially apprehend and search Plaintiff due to Plaintiff's potential involvement in the Taurus crash" **[PageID.2099]**. Officers asked his name "I don't have to tell you that". **[PageID.2001]**; see ***Barrera v. City of Mount Pleasant***, 12 F.4th 617, 624 (6th Cir. 2021) (discussed infra). "Plaintiff resisted when officers were conducting a search of his person and attempting to put handcuffs on him." **[ECF 127, PageID.2007]**. Plaintiff "tensed up" when Officer Saxe removed the backpack strap. **[ECF No.127, PageID.2001]**. Application of these facts to the R&O statute or ordinance as interpreted by Michigan Courts requires a different outcome of the false arrest claims because the officers had probable cause for the offense.

Additionally, the Court's R&O analysis created a palpable error in the qualified immunity analysis. The officers are entitled to qualified immunity because their interpretation is reasonable, even if mistaken. Indeed, the Sixth Circuit recently came to this conclusion in **Barrera v. City of Mount Pleasant**, 12 F.4th 617, 624 (6th Cir. 2021), in which it upheld an officer's qualified immunity on a false arrest claim where the plaintiff passenger was arrested under Mich.Comp.Laws § 750.81d for failure to identify himself during a traffic stop. The Court held the officer's interpretation of existing case law on the statute, as well as the bounds of **Terry**, was reasonable, even if mistaken. **Id.**, at 625. Notably, the R&O charge in **Barrera** was not premised on probable cause of another arrestable offense.

Here, this Court denied qualified immunity on the false arrest claims citing to the **Sanders** and **Bridges** opinions as evidence of clearly established law. **[PageID.2093-94]**. For the reasons discussed above, these opinions do not require existence of an arrestable offense for an R&O arrest. No Michigan case has squarely interpreted the R&O statute or ordinance to require probable cause of another offense. Moreover, as unpublished opinions, neither case has binding precedential value in Michigan. Mich.Ct.R. 7.215(C)(1). Moreover, **Sanders** post-dates our incident by four years. As such, the opinions cannot be used to defeat an officer's claim to qualified immunity. See **Hall v. Shipley**, 932 F.2d 1147, 1152 (6th Cir. 1991) ("Unpublished opinions, however, are of little precedential value and thus of little, if any, import in determining whether the Sixth Circuit had 'clearly established'" the right at issue."); see also **Crehan v. Davis**, 713 F. Supp. 2d 688, 696 (W.D. Mich. 2010) (unpublished, nonprecedential opinions

cannot clearly establish a principle or proper application of a principle to a set of facts because such decisions are not binding).

Moreover, these two cases are not a "robust consensus of cases" particularly considering the published and unpublished cases cited by Defendants, which show an underlying arrestable offense is not required under the R&O statute. In short, there is not "a single precedent—much less a controlling case or robust consensus of cases—finding a Fourth Amendment violation 'under similar circumstances.'" **Barrera**, 12 F.4th at 624–25(quoting **District of Columbia v. Wesby**, —— U.S. ——, 138 S. Ct. 577, 591, 199 L.Ed.2d 453 (2018). As such, it is a clear error of law to deny Defendant officers qualified immunity on the false arrest claims.

## II.     Excessive Force

The Defendant Officers suffer manifest injustice because the Court's erroneous interpretation of the R&O statute taints the use of force analysis. When analyzing the force used under the *Graham* factors, the Court found the severity of the crime at issue to be neutral because "Plaintiff did not actually commit these crimes", in part because "Plaintiff could not have committed the offense of resisting arrest without having committed some underlying offense (and he was also found not guilty of this offense by a state court jury)." **[PageID.2097-98]**. Similarly, the court's analysis of the third *Graham* factor (whether Plaintiff was actively resisting arrest) was summarily decided against the officers because "the Court has already found that Plaintiff had a right to resist his unlawful arrest." **[PageID.2099]**. Defendants suffer substantial prejudice because the analysis is based on a palpable error in interpretation of the R&O law.

Additionally, the use of force analysis suffers from a clear error of law insofar as it relies on a failure of the prosecution to obtain a conviction. The analysis is an impermissible review of the facts with the benefit of hindsight, rather than viewing the information available to the officers at the time the force was used (albeit in the light most favorable to plaintiff). ***Graham v. Connor***, 490 U.S. 386, 397 (1989). This led to clear error in review of the severity of the crime at issue **[PageID.2097, 2099]** and whether officers reasonably believed Plaintiff posed a threat. **[PageID.2098, 2099]**.

Even if the Court finds that the record establishes a genuine issue of material fact in the level of force used to subdue Plaintiff, Defendant Officers suffer substantial prejudice if a palpably erroneous analysis is used to direct further legal proceedings, including jury instructions, attorney argument, and presentation of evidence. As such, Defendants respectfully request that this Court reconsider its ruling on the interpretation of the R&O statute, as well as the ruling that "Plaintiff had a right to resist his unlawful arrest," **[PageID.2099]**, in its analysis of the excessive force claims.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Defendants request that this court GRANT their Motion for Reconsideration, issue an order granting summary judgment as to the false arrest claims asserted against them; revise its use of force analysis as outlined above, and order other relief this court deems just and appropriate.

Dated: September 7, 2022          Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

 */s/ Kristen Rewa*_____
Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)

Attorneys for Defendants Grand Rapids Police Officers Saxe, Reed, Hoyer, and Hall

**CERTIFICATE OF COMPLIANCE REGARDING WORD COUNT**

Defendant Officers, in compliance with LCivR 7.2(c), used 3,037 words in their Brief in Support of their Motion for Reconsideration. Microsoft Word Outlook 365 is the word processing software used to generate the word count in the attached brief.

By: <u>/s/ Kristen L. Rewa</u>
Kristen L. Rewa (P73043)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 7, 2022, I electronically filed the foregoing paper with the Clerk of the Court using ECF system which will send notification of such filing to the following: All Attorneys of Record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

**Kevin Koelzer
Plaintiff, In Pro Per
2305 Deer Trail Drive, NE
Grand Rapids, MI 49505**

Dated: August 24, 2022

<u>/s/ Madison Riley</u>
Legal Assistant
Cummings, McClorey, Davis & Acho, P.L.C.